## Case No. 5,009.

### FOX v. ECKSTEIN.

[4 N. B. R. 373 (Quarto, 123).] [1]

District Court, D. Maryland. 1871.

Marshall & Fisher and Ross & Urner, for petitioner.

John & Albert Ritchie, for defendant.

THE COURT (GILES, District Judge), held that the security being upon the property of a third party, and not upon the debtor's, the case was not within the act; and that the petitioner having satisfied the holder of the note, it was immaterial how he had done so, and he had a demand for contribution, whether he had, in point of fact, paid it or not.

Touching the allegation, the evidence was, that seven months before the defendant had sold his real estate for two thousand dollars to his son, who gave his note, which was paid at ninety days; that the notes in question, and one other of the same character; were outstanding at the time, and had been for two or three years, and that defendant's other property was about seven hundred dollars; that defendant had sold his said real estate for the purpose of investing the proceeds in a proper business enterprise in which he expected to enter; that on payment of the two thousand dollars he handed it over to his wife, and that she had been in the habit of taking care of any large sums of money defendant had for twenty-five years; that she kept it about the house for several months, and had it on the said 4th January; that when the enterprise referred to was abandoned, defendant looked about for another investment, bought two lots in the county, built the foundations, and was in negotiation with a carpenter for the erection of several small houses when these proceedings commenced; that in December judgment had been had against defendant, and five other co-promisors by another party, on the third note referred to (of four thousand dollars); that defendant claimed to have a right of action against the petitioner for damages amounting to about his proportion of the two notes taken up by said petitioner; that on January 4th petitioner's attorney called on defendant and told him that petitioner had paid these two notes, and he had called to collect his proportion; that defendant replied that he (petitioner) was the one who ought to pay them, and that when petitioner settled his claim for damages referred to, he (defendant) was ready to pay him the difference; that the attorney then asked him what he had done with the two thousand dollars; to which defendant replied that he had it and intended to keep it.

THE COURT held that there was no concealment shown; that the conversion of his property had been shown to be bona fide; that no act had been shown further than to preserve custody of the proceeds; that the proceeds he had a right to preserve in money or not, as he pleased; that the evidence showed good faith on the part of defendant in respect to the care of the money; and that the proposition of the petitioner was

[1] [Reprinted by permission.]

substantially that the defendant ought to be adjudicated bankrupt, simply because he had not put his two thousand dollars again into tangible property that could be seized on a fieri facias. Petition dismissed.